IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHELE TAYLOR** § | | **CAUSE NO. 4:17-cv-1522** |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | **JURY TRIAL DEMANDED** |
| § | | |
| **TEXAS SOUTHERN UNIVERSITY** § | | |
| § | | |
| *Defendant.* § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The Plaintiff, MICHELE TAYLOR, by and through her attorney, LaShawn A. Williams, complains of the Defendant TEXAS SOUTHERN UNIVERSITY (hereinafter "TSU"), and for causes of action against it, and would show the Court as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1. Plaintiff demands a jury for any and all issues triable to a jury. This action seeks compensatory, back and front pay, punitive, liquidated and actual damages, declaratory and injunctive relief, any lawful interest, and attorney's fees, costs and expenses due to TSU's unlawful discrimination and retaliation against Plaintiff, as well as its pervasive and discriminatory employment policies, practices and/or procedures. This is also an action for declaratory judgment pursuant to 28 U.S.C. §2201 to declare the rights and other legal relations between the parties. The Plaintiff is also seeking equitable and injunctive relief.

1

2. Plaintiff alleges a continuing series of unlawful acts, including but not limited to discrimination and retaliation. Plaintiff suffers continued discrimination and retaliation due to a previously filed Charge of Discrimination and lawsuit asserting violations of Title VII of the Civil Rights Act and the Equal Pay Act.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343.

4. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times while an employee of Defendant resided in this judicial district.

## PARTIES

5. Plaintiff is an African American female who resides in Houston, Texas, Harris County.  At all times relevant hereto, Plaintiff was and is presently employed by TSU.

6. TSU is a public institution of higher education located in Houston, Texas, and is the recipient of federal funding. TSU may be served with citation by serving the Office of its General Counsel, 3100 Cleburne Street, Hannah Hall Building, Room 310, Houston, Texas 77004.

7. At all times relevant hereto, Defendant acted, or failed to act, by and through its employees, agents, workmen, and supervisors.  At all times relevant hereto, the Defendant was an employer.

8. At all times material hereto, Defendant acted or failed to act through its authorized agents, servants, workmen and employees who were at all times then and there acting within the course and scope of their authority and employment.

9. The acts and failures to act complained of herein were allowed and only occurred because Defendant, as a matter of custom, policy and/or practice intentionally and deliberately failed to adequately train, supervise, discipline, or otherwise direct its management and supervisors concerning employment discrimination, and as a further matter of custom, policy and/or practice intentionally and deliberately failed to put in place, implement and/or establish management policies and procedures that would impact fairly upon all its employees, regardless of their gender, national origin, or race, thereby causing, encouraging, fostering and fomenting the Defendant to engage in the unlawful and illegal conduct described herein.

## ADMINISTRATIVE PROCEDURES

10. Plaintiff filed charges of discrimination against the Defendant with the Houston District Office of the Equal Employment Opportunity Commission, Charge No. 460-2016-00189.   (Exhibit A).

11. Plaintiff received via Certified Mail from the U.S. Department of Justice a Notice of Right to Sue dated February 16, 2017.   (Exhibit B).

## SPOLIATION

12. Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including business agreements, statements, photographs, videotapes, audiotapes, recordings, business records,

financial records, bills, estimates, invoices, checks, measurements, equipment, correspondence, memoranda, files, facsimiles, email, voice mail, text messages, and any electronic image, digital data, or information related to the referenced incident and allegations herein. Failure to maintain such items will constitute "spoliation" of the evidence.

### FACTUAL ALLEGATIONS AND CAUSES OF ACTION

13. Plaintiff incorporates by reference as if fully stated herein the preceding paragraphs.

14. Plaintiff began her employment with TSU as a student worker in the law library from 1974 to 1978 while earning a Bachelor of Science degree in Business Education at TSU. She then earned a Master of Science degree in Business Management from Colorado State.

15. In December of 1980 Plaintiff returned to TSU and began her career with the Graduate School as an administrative assistant.

16. Plaintiff has dedicated her professional career to TSU and has maintained employment in the Graduate School for over thirty-six (36) years.

17. In 2000 the Plaintiff earned a Doctor of Education degree with a focus on higher education and administration. She was promoted to assistant dean soon thereafter.

18. In 2004 there was an overhaul of the administration in the Graduate School office and all of the staff was removed or transitioned out of the office, except Plaintiff. Plaintiff was told she would remain in the department "to keep the graduate school running."

19. For approximately three years Plaintiff performed the job function, duties and responsibilities of an associate dean. During that time and thereafter Plaintiff was

approved as faculty.    Plaintiff has taught several courses over the years.

20. Over the period of several years, Plaintiff complained several times of receiving unequal pay. She complained to Dean Gregory Maddox (white male) and others in management.   She also complained that she was performing the duties of and held the responsibilities of an associate dean without the pay of an associate dean. Dean Maddox did not respond to her complaints.

21. In September of 2012 Plaintiff wrote a letter to the Human Resources Department complaining of the growing hostility displayed by her supervisor, Dean Maddox and his unjustified threats to fire her.   She described unjustified reprimands that were issued for a commencement program error and student issues.

22. Plaintiff attached to her letter the Defendant's policy that prohibits retaliation.   The Human Resources Department did not respond to the letter.

23. In February of 2013, Plaintiff reached out again to the Human Resources asking about the status of the review of her complaint.   Once again TSU failed to respond.

24. In an act of blatant retaliation for the aforementioned complaints, Plaintiff was given a written reprimand in March of 2013 that was unfounded and baseless. In a written response to the reprimand Plaintiff sought particulars concerning the written reprimand to no avail.

25. After receiving a notice of right to sue from the U.S. Department of Justice, Plaintiff filed suit on September 13, 2013 alleging gender-based discrimination and violations of the Equal Pay Act. Plaintiff asserted she was paid less than a similarly situated male assistant dean counterpart.[1]   The comparator was an Assistant Dean for Administrative Services for the Defendant's law school.

---

[1] *Taylor v. TSU*, Cause No. 4:13-cv-02708.

26. In March of 2015, a jury found that the two jobs were performed under similar working conditions, but that the two jobs did not require substantially equal skill, effort, and responsibility, particularly in the areas of staffing and budgetary duties.

27. Despite the verdict, Plaintiff continued to work as an assistant dean in the Graduate School office under the supervision of Gregory Maddox.

28. Shortly after the trial in April 2015, Plaintiff met with Dr. James Ward (then Provost) who promised he would request a raise for Plaintiff. During that meeting, Ward commented negatively about the aforementioned trial implying Plaintiff should not have brought it. To date, that request for Plaintiff's raise has not been made.

29. In early September of 2015 Plaintiff was passed over for the position of associate dean of the Graduate School. Plaintiff learned after the position was filled that it was given to a non-black male.

30. Plaintiff at all times relevant hereto was qualified for the position and performed the duties of the associate dean for many years. In retaliation, Plaintiff was not given the opportunity to apply for the position.

31. Since the time of the trial Plaintiff's job duties have been reduced in retaliation.

32. These acts of retaliation are due to Plaintiff's complaints and lawsuit asserting unequal pay and unfair treatment because of her gender.

33. Dean Maddox (white male) promoted a non-black male to the associate dean position in an increased effort to force Plaintiff into retirement or out of the graduate school in retaliation due to her complaints about his wrongful acts in the previous Charge and trial asserting discrimination.

34. At all times relevant hereto, Defendant acted intentionally, deliberately, maliciously and with willful disregard for the Plaintiff's rights to be free from retaliation and discrimination.

35. At all times relevant hereto, Defendant did not act in good faith, but rather with knowledge that its actions violated laws prohibiting retaliation and discrimination.

36. The acts and failures to act of Defendant, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff, with respect to the terms and conditions of her employment because of her race, national origin, and gender, and in retaliation for complaining of the same.

37. The acts and failures to act of Defendant by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they tended to limit, segregate and classify the Plaintiff in such a way as to deprive the Plaintiff of employment opportunities, or otherwise affect her status as an employee employment because of her race, national origin and gender.

38. The acts and failures to act of Defendant, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff, with respect to the terms and conditions of her employment because Plaintiff was treated less favorable or more harshly than non-black employees similarly situated to her.

39. At all times material hereto, Defendant acted or failed to act through its authorized agents, servants, workmen and employees who were at all times then and there acting within the course and scope of their authority and employment.

40. The acts and failures to act of Defendant constituted unlawful employment activities that caused Plaintiff great harm, humiliation, and injury.

## JURY DEMAND

41. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court order the award of actual and compensatory damages, lost benefits, front pay, back wages, damages for mental anguish, and liquidated damages, and exemplary damages to be determined by the trier of fact.  Plaintiff also prays for pre-judgment and post-judgment interest as well as costs and attorney's fees in this action; and such other relief to which Plaintiff is entitled.

Respectfully Submitted,

**/s/*LaShawn A. Williams***
LaShawn A. Williams
TX Bar No. 00795721
Baldwin Williams & Associates, PLLC
2411 Dowling, Suite 202
Houston, Texas 77004
Telephone: (713) 664-6800
Facsimile: (281) 404-9021
lwilliams@baldwinwilliams.com