UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHELE G TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-1522 |
| | § | |
| TEXAS SOUTHERN UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND ORDER

Pending before the Court in the above referenced proceeding is Defendant's Motion for Summary Judgment (Doc. 21); Judge Stacy's Memorandum and Recommendation (Doc. 33) that the Court grant the Defendant's Motion for Summary Judgment; and Plaintiff's Objections (Doc. 36) to the Memorandum and Recommendation.

The Court will specifically address two of the points raised by the objections to the Magistrate Judge's recommendation. First, Plaintiff argues that she was promised a raise by Dr. James Ward (and refers the Court to her own deposition) and then concludes the fact that she did not she did not get a raise as evidenced of retaliation. While the Magistrate did not quote the testimony, this Court will.

> Q   Did you meet just on-on-one with Dr. Ward?
> A   Yes.
> Q   Where was it?
> A   In Dr. Ward's office
> Q   And what was Dr. Ward's position at the time?
> A   Provost. Yeah, I think it was provost.
> Q   How long had he been provost?
> A   Oh, it wasn't very long. I don't know his tenure, but it wasn't a very, very long time.
> Q   Had you known him before that?
> A   I knew him as a faculty member and dean of the communications – college of communications – school of communications. School of communications.

1 / 4

> Q  Had you had any conversations with Dr. Ward about what you believed was discriminatory treatment at the – at TSU?
> A  Yes. We talked about some things that went on there vaguely. He wasn't a committal kind of person in conversation about anything. But he did make mention in our meeting that he thought we should have brought in the Lilly Ledbetter case in my situation. Why me mentioned that, I don't know.
> Q  Do you know what that case was?
> A  Yes I do.
> Q  What was it?
> A  It's about equal pay. And she was discriminated for her sex, her gender, because men were being paid more money that she was for the same position she held.
> Q  Was that a case involving TSU?
> A  No. It was Goodyear, I believe.
> Q  What specifically did Dr. Ward say to you during that conversation that you had with him a week or two after the trial?
> A  Specifically he just talked about, you know, wanting to encourage me to stay, doing what I do and that he would look into possibly getting me an increase in my salary.
> Q  So you said he was a noncommittal person in conversation. Did he make any commitments to you during that conversation?
> A  He told me he would be looking into it, yes.
> Q  And by looking into it, looking into what?
> A  He didn't say specifically, but were talking about my increase in salary.
> Q  Oh, I see. So you mentioned – did you ask him for a salary increase?
> A  Yes.
> Q  How much did you ask him for?
> A  We talked about what was in the lawsuit, that we thought I should be paid equitable to the persons that were in the same position that I was at where – I didn't have a specific amount that I said to him that day.
> Q  Okay. So you didn't discuss specific numbers with Dr. Ward?
> A  No
> Q  Okay. And then what was his response to your request?
> A  He was going to look into it.

(Taylor Depo. pp. 48, line 23 – p. 51, line 10 (Doc. 36-2)).

There clearly was no promise of a raise. Consequently, there can be no breach of that promise based upon retaliation. That objection has no basis and is overruled.

Next, Taylor complains of the failure to address the Plaintiff's claim covering reduction in duties. The Magistrate Judge wrote:

> "Taylor did not include any argument or evidence relative to that
> retaliation claim [reduction of duties] in her Response to the Motion
> for Summary Judgment. She has therefore abandoned and/or waived
> that claim."

Memorandum and Recommendation, pp. 4-5, footnote 2.

Taylor objects as follows:

> The Court is incorrect.
>
> The evidence supporting Plaintiff's claim on this issue was already included in the summary record before it.
>
> For instance, Plaintiff explained to Defendant in her deposition that she received emails telling her to send her assignments to other people after her lawsuit. Plaintiff continued that Dean Maddox does not do any positive responding to her or interact with her much. Plaintiff's deposition, page 83, lines 22-25.
>
> Dr. Taylor continued in this part of the summary record that Defendant practices of isolation, elimination and exclusion on her, after 40 years of loyal employment. Plaintiff's deposition, Page 84, lines 22-23. Defendant's staff have excluded Dr. Taylor from meetings and not informed her of changes or pertinent documents. Plaintiff's deposition, page 85, lines 6-12.
>
> Plaintiff did not fail to provide evidence of retaliatory claims; the Court failed to take notice of this evidence already in the record. These claims were not abandoned or waived. Plaintiff's objections should be sustained; the magistrate's Memorandum on these issues not ratified and these issues should go to immediate trial. (Doc. 36 at p. 5).

Taylor's objection is wrong on many levels. First, Taylor never presented this or any other argument regarding reduction of duties in her Response in Opposition to Defendant Texas Southern University's Motion for Summary Judgment (Doc. 26-1). Second, Taylor's Deposition, or relevant excerpts, to which she now refers, were not attached as an exhibit to the Response. Most importantly, no reference was made to any place in the record from which the Magistrate Judge might divine such testimony.

Rule 56 does not impose on the district court [or the Magistrate Judge] a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Adams v. Travelers Indemnity Company of Connecticut*, 465 F.3d 156, 164 (5th Cir. 2006).

Put more expansively:

> Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motions for summary judgment, that evidence is not properly before the district court. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."

*CSMG Technologies, Inc. v. Allison*, 2009 WL 500599 (S.D. Tex 2009 - opinion by Judge Atlas). *See* also, *Flores v. United States*, 719 Fed. Appx. 312 (5th Cir. 2018).

The time to make such an argument is before the Court rules; not after. The Court has obviously reviewed the case, *de novo*, and agrees with the Magistrate Judge's conclusion that Plaintiff has not raised a genuine issue of material fact on any of her claims. Accordingly, the Court hereby

**ORDERS** that Plaintiff Michele Taylor's Objections (Doc. 36) are **OVERRULED**; the Memorandum and Recommendation (Doc. 33) is **ADOPTED**; and Texas Southern University's Motion for Summary Judgment (Doc. 21) is **GRANTED**. It is further

**ORDERED** that Plaintiff's case is **DISMISSED WITH PREJUDICE**.

Entry of this Order shall constitute entry of final judgment.

SIGNED at Houston, Texas, this 23rd day of January, 2019.

> ANDREW S. HANEN
> UNITED STATES DISTRICT JUDGE